**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000845**
**21-MAY-2021**
**07:53 AM**
**Dkt. 58 SO**

NO. CAAP-19-0000845

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GREG KALEO BAXTER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-04169)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Greg Kaleo **Baxter** was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1).[1] Baxter appeals from: **(1)** the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered by the District Court of the First Circuit, Honolulu Division,[2] on August 29, 2019; and **(2)** the "Notice of Entry of Judgment and/or Order and Plea/Judgment"

---

[1]     HRS § 291E-61 (Supp. 2017) provides, in relevant part:

(a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental **faculties** or ability to care for the person and guard against casualty[.]

(Emphasis added.)

[2]     The Honorable Summer M.M. Kupau-Odo presided.

entered by the district court[3] on November 15, 2019.[4]  For the reasons explained below, we affirm both judgments.

On December 29, 2018, Baxter was charged by complaint with OVUII.  He was arraigned on January 8, 2019.  He appeared through counsel, who was given a copy of the complaint.  Through counsel he waived his presence, waived reading of the charge, and entered a plea of not guilty.

Trial began on August 12, 2019.  Baxter's counsel acknowledged receipt of the complaint.  The district court asked the deputy prosecuting attorney (**DPA**) to arraign Baxter.  The DPA stated:

> On or about December 11th, 2018, in the City and County of Honolulu, state of Hawaii, Greg Kaleo Baxter did intentionally, knowingly, or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental ***facilities*** [sic] or ability to care for himself and guard against casualty, thereby committing the offense of operating a vehicle under the influence of an intoxicant in violation of Section 291E-61(a)(1) of the Hawaii Revised Statutes.
>
> Greg Kaleo Baxter is subject to sentencing in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes as a first offender.

(Emphasis added.)

The district court asked Baxter's counsel if he had received a copy of the complaint.

Baxter's counsel affirmed that he received a copy of the complaint.

The district court asked Baxter if he understood the charge.

Baxter replied, "Yes, yes."

The district court asked Baxter how he pleaded.

Baxter replied, "Not guilty."

The State called two police officers as witnesses and rested its case.  Baxter moved for a judgment of acquittal or a

---

[3]     The Honorable James S. Kawashima presided.

[4]     The August 29, 2019 judgment found Baxter guilty and sentenced him to pay a fine and fees, but did not decide the issue of license revocation. The November 15, 2019 judgment revoked Baxter's license for one year.

dismissal on the grounds that the DPA incorrectly read the oral charge, saying "mental facilities" rather than "mental faculties" as set forth in HRS § 291E-61(a)(1). The district court agreed that the DPA mispoke, saying "facilities" instead of "faculties." The district court invited counsel to submit memoranda, and took the motion under advisement.[5]

The district court reconvened on August 29, 2019. The State argued that the DPA's misstatement was harmless error, because Baxter and his counsel had the complaint, which correctly stated "mental faculties." The district court ruled:

> I'll go through the facts or the history of the case first.
>
> Before trial, the defense said it received a copy of the complaint. [The DPA] then proceeded to arraign the defendant and mispronounced the word "faculties" and instead said "facilities." When asked, the defendant said he understood the charge. There was no objection at that time. No, actually, I'll go back.
>
> Before that, the start of the case, the minutes reflect that the defendant's arraignment and plea was held on January 8th of this year, when Mr. [Pedric] Arrisgado waived his presence and reading of the charge at that time, entered a not guilty plea, and was given a copy of the complaint. And so Mr. Baxter has been represented by Mr. McPherson's office this entire time.
>
> And, again, at the start of trial at the last court date, the defendant said "yes" to understanding the charge that was read to him. And Mr. McPherson raised the issue of "facilities" at the judgment of acquittal stage, after the State rested.
>
> So the standard I'm applying is, does the charge provide defendant with fair notice of the essential elements? And as [the DPA] just argued, the charge here is a written complaint that was filed on December 29th, 2018. And pursuant to Rule 7,[6] that charge -- that is the

---

[5]     The record does not indicate that either side submitted a memorandum of law on the motion.

[6]     Rule 7 of the Hawai'i Rules of Penal Procedure (**HRPP**) provides, in relevant part:

> **(a)     Use of indictment, information, or complaint.**
> The charge against a defendant is . . . a complaint filed in court . . . .
>
>      . . . .
>
> **(d)     Nature and contents.** The charge shall be a plain, concise and definite statement of the essential facts constituting the offense charged. . . . Formal defects,

(continued...)

> charge. And it has all of the elements, and properly refers to "mental faculties," as the statute states.
>
> So I find that under all of these circumstances, the defendant did have fair notice of the charge and its elements. There is an offense charged.
>
> And viewing the evidence in the light most favorable to the State at this stage, the motion for judgment of acquittal is denied.

The defense called no witnesses. After hearing closing arguments, the district court found Baxter guilty as charged. This appeal followed.

Baxter's single point of error is that the district court erred in denying his motion for judgment of acquittal or dismissal because the DPA said "facilities" rather than "faculties" when reciting the charge. "Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the de novo, or 'right/wrong,' standard." State v. Wheeler, 121 Hawaiʻi 383, 390, 219 P.3d 1170, 1177 (2009) (cleaned up).

Baxter argues "the State amended the charge when the oral charge was read, and that is the charge that went to trial." The argument lacks merit for several reasons. First, there is no indication in the record that the State moved to amend the criminal complaint, or that the district court granted leave to amend.

Second, when Baxter was arraigned, the State was required to charge OVUII by a written complaint. Wheeler, 121 Hawaiʻi at 386 n.3, 219 P.3d at 1173 n.3 (citing HRPP Rules 5(b)(1) and 7(d)). A subsequent oral charge could not legally amend a written OVUII complaint.

Third, Baxter appeared at arraignment through counsel, received a copy of the written complaint, waived his presence, waived reading of the charge, and entered a plea of not guilty,

---

[6](...continued)
including erroneous reference to the statute, rule, regulation or other provision of law, or the omission of such reference, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.

all consistent with HRPP Rule 5(b)(1).  At trial, Baxter's counsel acknowledged receiving a copy of the complaint.  After the DPA read the charge, Baxter did not object to the sufficiency of the charge.  Baxter affirmed that he understood the charge, and pleaded not guilty.  There is no evidence in the record to show that Baxter was prejudiced by the DPA saying the word "facilities" instead of "faculties" when reciting the written complaint at trial.  See HRPP Rule 7(d) ("Formal defects, including erroneous reference to the statute . . . shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.").  Moreover, because Baxter did not object to the charge until after the State had presented its case, we consider all of the information supplied to him up to the point that he objected.  State v. Hitchcock, 123 Hawaiʻi 369, 379, 235 P.3d 365, 375 (2010).

Based upon the foregoing, we conclude that the district court was not wrong to deny Baxter's motion for judgment of acquittal or dismissal.  The August 29, 2019 "Notice of Entry of Judgment and/or Order and Plea/Judgment" and the November 15, 2019 "Notice of Entry of Judgment and/or Order and Plea/Judgment" are affirmed.

DATED:  Honolulu, Hawaiʻi, May 21, 2021.

On the briefs:

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Earle A. Partington,
R. Patrick McPherson,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge